AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>VINCENT MAURICE LEWIS and<br>JORGE ENRIQUE SUAREZ<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:19-mj-075<br>)<br>)<br>) |

**FILED MAY 31 2019 CLERK, U.S. DISTRICT COURT RICHMOND, VA**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 30, 2019__ in the county of __Mecklenburg__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841(a)(1) and (b)(1)(A) | Possession with Intent to Distribute More than 5 Kilograms of Cocaine |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:
_Michael C. Moore_

Sworn to before me and signed in my presence.

Date: __05/31/2019__

City and state: __Richmond, Virginia__

_Katie Dorais_
*Complainant's signature*

Katie A. Dorais, Special Agent
*Printed name and title*
Drug Enforcement Administration

/S/
David J. Novak
United States Magistrate Judge
*Judge's signature*

David J. Novak, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

I, Katie A. Dorais, am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been since March 2003. I am currently assigned to the Washington Field Division of the DEA, Richmond District Office. The information set forth in this affidavit has been derived from interception of wire and electronic communications, witness interviews, conversations with other sworn law enforcement officers and review of documents including police reports. I have not included each and every fact known to me concerning the investigation. Rather, I have set forth only those facts necessary to establish probable cause.

## AGENT QUALIFICATIONS

1. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigation of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516, including violations of Title 21. I have been a Special Agent with DEA since March 2003. I have been assigned to various offices to include Sacramento, San Francisco, the Office of Investigative Technology, Puerto Rico, and Richmond. During my tenure with DEA, I have participated in complex international conspiracy investigations involving organizations responsible for the unlawful manufacturing, importation, transportation, and distribution of illegal drugs. I have also investigated violent criminal offenses related to the activity of drug trafficking organizations (DTOs). I have been involved in drug trafficking investigations of an international, national, and regional scope.

2. I have attended classes and courses conducted by the DEA regarding the importation, transportation, and distribution of illegal drugs. I am knowledgeable about state and federal laws. I have participated in a number of drug trafficking, money laundering, and organized

crime investigations that have resulted in the arrest of numerous members of several different international and domestic DTOs, and the seizure of currency, assets, and drugs. Several of these investigations have employed electronic surveillance as an investigative techniques, and I have submitted affidavits in the Northern District of California and the Eastern District of California in support of applications for court orders authorizing the use of wire and electronic interceptions. I have directed, supervised, and participated in many searches of residences and businesses of suspected drug traffickers for evidence of criminal activity. I have also conducted and participated in the debriefing of many drug traffickers and money launderers, through which I have learned valuable information regarding techniques used by DTOs to distribute drugs in both domestic and international markets. Additionally, I have testified in numerous grand jury proceedings related to the investigation of individuals involved in drug trafficking and money laundering. As a result of my training and experience, I am familiar with the way in which DTOs illegally traffic, transport, and distribute drugs, and launder the proceeds derived from their drug distribution activity.

3. Based on my experience as a law enforcement officer, I also know that those involved in drug trafficking rely heavily on telephones to communicate with one another in order to coordinate the smuggling, transportation, and distribution of illegal drugs, and that they frequently employ coded language and slang terminology in an effort to maintain secrecy while engaging in such communications.

4. Through my employment as a law enforcement officer, I have gained knowledge in the use of various investigative techniques, including the use of wire, oral, and electronic interceptions and other types of electronic surveillance, physical surveillance, undercover operations, confidential informants, cooperating witnesses, controlled purchases of illegal drugs,

consensually-monitored recordings, investigative interviews, trash searches, mail covers, financial investigations, administrative and grand jury subpoenas, and search and arrest warrants.

## PROBABLE CAUSE

5. The Drug Enforcement Administration (DEA) and the Southside Drug and Gang Task Force are currently investigating Vincent Maurice Lewis, aka "Mo," the leader of the Lewis drug trafficking organization (the "Lewis DTO"), for distributing multi-kilogram quantities of cocaine in the South Hill, Virginia; Brodnax, Virginia; Mecklenburg County, Virginia; Brunswick County, Virginia; Hampton, Virginia; Saginaw, Michigan; and Flint, Michigan. The Lewis DTO consists of family members and longtime friends of Vincent Maurice Lewis and others, both known and unknown. The DEA has received information that Vincent Maurice Lewis and his associates have been transporting drugs from Mexico through Rio Grande City, Texas for further distribution throughout Central Virginia for the past several years. Presently the Lewis DTO is capable of distributing multi-kilogram quantities of cocaine on a monthly basis.

6. Agents confirmed that Vincent Maurice Lewis is engaging in wire communications over telephone number (313) 348-8845, assigned ESN number A50000047774449, a pre-paid phone that utilizes the default subscriber name and address: PHONE IN A BOX, 295 Parkshore, Folsom, California 95630 and is used by Vincent Maurice Lewis in furtherance of his drug trafficking activities. PHONE IN A BOX is a prepaid cell phone provided by Cellco Partnership d/b/a Verizon Wireless, the service provider for the telephone.

7. On May 29, 2019, the Honorable John A. Gibney, United States District Judge in the Eastern District of Virginia, approved and signed order 3:19MS15 authorizing the initial interception of wire and electronic communications over target telephone (313) 348-

3

8845. Target telephone number (313) 348-8845 is utilized by Vincent Maurice Lewis. Special Agent Katie Dorais was the affiant of the application in support of the order authorizing the interception of wire and electronic communications. Assistant United States Attorney (AUSA) Olivia Norman signed the application.

8. On May 29, 2019, at approximately 4:00 p.m., minimization was conducted at the Richmond District Office by AUSA Olivia Norman. At approximately 6:39 p.m., the first interception over target telephone (313) 348-8845 was recorded and monitored at the Richmond District Office.

9. At approximately 9:54 p.m., the target telephone (313) 348-8845 placed an outgoing telephone call to telephone number (956) 352-7873, subscribed to Javier Martinez at 441 Mount Everest Road, Rio Grande City, Texas. The telephone call was approximately 2 minutes and 49 seconds in length. The call was recorded, transcribed and verified on the pen register/trap trace. In Summary, Lewis and Javier Martinez discussed the scheduled arrival of 28 kilograms of cocaine on May 30, 2019 between 12:00 p.m. and 6:00 p.m. Javier Martinez informed Lewis that "shorty" would be driving the new truck to the location.

10. On May 30, 2019, at approximately 1:06 p.m., the target telephone (313) 348-8845 received an incoming telephone call from telephone number (956) 352-7873, subscribed to Javier Martinez at 441 Mount Everest Road, Rio Grande City, Texas. The telephone call was approximately twenty-five (25) seconds in length. The call was recorded, transcribed and verified on the pen register/trap trace. In summary, Javier Martinez informed Lewis that the "guy" has three hours to get to the location.

11. On May 30, 2019, Special Agent Dorais monitored the cell site data for target telephone (313) 348-8845. At approximately 1:01 p.m., SA Dorais observed that cell site data information located the target telephone at Longitude W78.13297 Latitude N36.72283 with a radius of 791 meters certainty factor. The aforementioned data placed Vincent Maurice Lewis near "Touch of Class Barbershop," located at 231 W. Danville Street, South Hill, Virginia. At the same time, Special Agent Robert Puleo observed the white F-250 frequently driven by Vincent Maurice Lewis at the "Touch of Class Barbershop," located in South Hill, Virginia. The white Ford F-250 truck was bearing Virginia license plate VXU-5372. According to the Virginia Department of Motor Vehicles, Virginia License VXU-5372 is assigned to a 2008 Ford Pickup, registered to Lindsey Jimmerson at 82 Lakeside Hills, Boydton, VA. Per intelligence, Lindsey Jimmerson has been identified as the girlfriend of Vincent Maurice Lewis.

12. At approximately 2:58 p.m. Special Agent Puleo observed the white F-250 parked near the "Touch of Class Barbershop". Surveillance was not maintained on Vincent Maurice Lewis. However, agents continued to monitor cell site tracking data for target telephone number (313) 348-8845.

13. Special Agent Todd Greenway observed a tractor trailer arrive near the dead end of Brown Town Road, Brodnax, VA, with one occupant. Surveillance was maintained on the tractor trailer. Surveillance observed the tractor trailer to have a white trailer with a Texas license tag of 130B711 and blue cab with a Kansas license tag 187559. A query of Department of Motor vehicle records for Texas license tag 130B711 revealed that the Texas tag belongs to a 18 Hyun, white in color, Owner: Alliance Funding Group, 3745 W Chapman Avenue, Suite 200, Orange, California; previous owner: Fleet Equipment, Garland, Texas. A query of Department

of Motor Vehicle Records for Kansas license tag 187559 revealed that the Kansas tag belongs to a 1976 Chevy, primary owner Keith E. Thornton and Robin L. Calhoun.

14. Surveillance observed Vincent Maurice Lewis arrive near the end of Brown Town Road driving a blue minivan. Surveillance observed Lewis to be the sole occupant of the vehicle. Surveillance observed Lewis exit the driver's side of the blue minivan and approach the driver of the tractor trailer. Surveillance observed the driver of the tractor trailer, later identified as Jorge Enrique Suarez, exit the cab. Surveillance then observed Suarez and Lewis walk toward the back of the tractor trailer. Surveillance observed Suarez remove two brown boxes and transfer them to Lewis. Surveillance than observed Lewis transfer a white plastic bag to Suarez. Surveillance then observed Lewis place the two brown boxes into the passenger side of the blue minivan. After receiving the white plastic bag, Suarez entered the cab of the truck and departed the area. Constant surveillance was maintained on the tractor trailer driven by Suarez until a traffic stop was conducted near Exit 15 on Northbound Interstate 85. A consent search of the tractor trailer cab lead to the seizure two separate bags of U.S. Currency. One bag was located in the hood of the cab and one bag was located behind the driver's seat. Some of the U.S. Currency was wrapped in cellophane and some was wrapped in electrical tape.

15. Agents and officers arrested Vincent Maurice Lewis, who was standing near the blue minivan near the dead end of Brown Town Road, Brodnax, Virginia. Surveillance had maintained a constant eye on Lewis and surveillance did not observed Lewis move from the area between 4:35 p.m. and 4:45 p.m. A subsequent search of the blue minivan yielded two boxes containing approximately twenty-eight kilograms of suspected cocaine.

Lewis and Suarez were subsequently arrested by the DEA for possession of cocaine with the intent to distribute.

16. In my experience, the amount of cocaine seized from Lewis and Suarez, described above is consistent with distribution and inconsistent with personal use.

## **CONCLUSION**

Based on the information set forth in this affidavit, I submit that there is probable cause to believe that on May 30, 2019, in the Eastern District of Virginia and elsewhere, Vincent Maurice Lewis and Jorge Enrique Suarez possessed with the intent to distribute more than five (5) kilograms of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)

_Katie Dorais_
Katie A. Dorais
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me on May ___3/___, 2019

___/S/___
David J. Novak
United States Magistrate Judge

7